UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Josefina Vazquez Rodriguez, et al., <br>     Plaintiffs, <br><br> v. <br><br> Volkswagen Group of America, Inc., et al., <br>     Defendants. | 5:24-cv-00632-DSF-SHK <br><br> ORDER DENYING MOTION TO REMAND <br><br> (Dkt. 12) |

    Plaintiffs Josefina Vazquez Rodriguez and Louie Larios move for remand to the Los Angeles County Superior Court. Dkt. 12-1 (Mot.). Defendant Volkswagen Group of America (VW) opposes. Dkt. 13 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. Background

    Plaintiffs' claims concern their December 7, 2022, purchase of a VW motor vehicle. Dkt. 10 (FAC) ¶6. Plaintiffs are California residents and VW is a Virginia corporation. FAC ¶¶2, 3. Plaintiffs allege that they received an express written warranty when they purchased the vehicle that covered "failure in utility or performance for a specified period of time[,]" and "in the event a defect developed" during that time, repair by Defendant or a representative. FAC ¶10.

    Plaintiffs allege that after they took possession of the vehicle and during the warranty period, the vehicle exhibited defects that impaired its use, safety, and value. FAC ¶11. Further, VW and its California

representatives were unable to repair the vehicle within a reasonable number of attempts. FAC ¶15.

Plaintiffs bring five causes of action against VW for violation of California Civil Code Section 1793.2, the express warranty of merchantability, and the implied warranty of merchantability. FAC ¶¶19–42. Plaintiffs filed their complaint in Los Angeles County Superior Court on January 19, 2024. Dkt. 1 (Not. Remov.) ¶1. On March 25, 2024, VW removed. See Not. Remov.

On April 3, 2024, Plaintiffs filed their First Amended Complaint, adding Riverside Metro Auto Group, LLC dba Riverside Volkswagen (Riverside Metro) as a defendant. Riverside Metro is a California corporation. FAC ¶ 4. Plaintiffs bring a sixth cause of action for negligent repair against Riverside Metro.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the court has subject matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. §§ 1332, 1441.

2

### III. Discussion

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Even though Plaintiffs amended their complaint as a matter of right, the Court must still consider under 28 U.S.C. § 1447(e) whether it should exercise its discretion to allow Plaintiffs to add the diversity destroying defendant. See San Jose Neurospine v. Cigna Health & Life Ins. Co., No. 16-CV-05061-LHK, 2016 WL 7242139, at *7 (N.D. Cal. Dec. 15, 2016). "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

While the Ninth Circuit has not articulated a specific analysis to follow, courts within the Ninth Circuit have considered six factors in determining whether to permit joinder under § 1447(e):

> (1) whether the new defendants should be joined under [Federal Rule of Civil Procedure] 19(a) as needed for just adjudication; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000) (simplified).

**Rule 19(a).** If joinder would not deprive the court of subject matter jurisdiction, Rule 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a). "A necessary party is one 'having an interest in the controversy,

3

and who ought to be made a party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'" IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (quoting CP Nat'l. Corp. v. Bonneville Power Admin., 928 F.2d 905, 912 (9th Cir.1991). "The standard is met when failure to join will lead to separate and redundant actions, but it is not met when defendants are only tangentially related to the cause of action or would not prevent complete relief." Sandhu v. Volvo Cars of N. Am., LLC, No. 16-CV-04987-BLF, 2017 WL 403495, at *2 (N.D. Cal. Jan. 31, 2017) (citing IBC Aviation Servs., 125 F. Supp. 2d at 1012).

Plaintiffs bring a negligent repair claim against Riverside Metro, FAC ¶¶38–48[1] and have submitted evidence that Riverside Metro serviced the subject vehicle and attempted repair on April 1, 2024. Dkt. 12-2 (Xie Decl.) ¶¶3-4; dkt. 14-1, Ex. A (Repair Order). If Plaintiffs are successful on the warranty claims against VW "nothing precludes [them] from recovering the full amount of damages requested in the Complaint, even in the absence" of Riverside Metro. Goines v. BMW of N. Am., LLC, No. LA CV16-09271 JAK (Ex), 2017 WL 10676597, at *3 (C.D. Cal. July 14, 2017) (finding that dealer was not a necessary party for warranty claims against manufacturer). Plaintiffs argue that "where the claims against the manufacturer and repair shop arise from the same vehicle and the same failed attempt to repair the vehicle . . . the dealership is necessary for just adjudication." Mot. at 6 (citing Forward-Rossi v. Jaguar Land Rover N. Am., LLC, No. 2:16-cv-00949-CAS(KSx), 2016 WL 3396925 at *3 (C.D. Cal. June 13, 2016); Sabag v. FCA US, LLC, No. 2:16-cv-06639-CAS (RAOx), 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016); Blowers v. Ford Motor Co., No.

---

[1] The FAC also purports to state an implied warranty of merchantability claim against Riverside Metro in an apparent effort to have at least one claim asserted against VW and Riverside Metro jointly. But there are no facts in the FAC that support the allegation that Riverside Metro impliedly warranted the merchantability of the vehicle.

4

CV 17-8224-JFW (KSs), 2018 WL 654415, at *4 (C.D. Cal. Jan. 31, 2018)).

However, Forward-Rossi v. Jaguar Land Rover N. Am., LLC is instructive. There the court found that the entity that operated "the dealership that was responsible for making many of the repairs to plaintiff's vehicle" was a necessary party in that case because the facts of the case "involved [a] lengthy and, ultimately, unsuccessful attempt to repair that vehicle." Forward-Rossi, 2016 WL 3396925 at *3. Here, there are minimal allegations and evidence regarding Riverside Metro Auto Group and the repair process undertaken. FAC ¶¶43-48; Repair Order. Unlike the dealership in Forward-Rossi, Riverside Metro was not a "direct participant, in the conduct which gives rise to plaintiff's existing claims against [the manufacturer]" because Plaintiffs did not receive repairs from Riverside Metro until after the claims against the manufacturer were filed. Forward-Rossi, 2016 WL 3396925, at *3. Plaintiff Larios has declared under penalty of perjury that he began visiting Riverside Metro starting in June 2023, but none of these visits resulted in a repair order. Dkt. 23-1 (Larios Decl.) ¶2.

The delay between the repair and removal also distinguishes the case from Sabag and Blowers, where both courts found that because the claims came from the same repair process, "resolution of . . . [the] claims will likely require many of the same documents and witnesses and may implicate many of the same factual and legal issues." Blowers, 2018 WL 654415, at *4; see also Sabag, 2016 WL 6581154, at *4. Plaintiffs have not explained how repairs done after the complaint against VW was filed will require the same documents, witnesses, and factual issues as the causes of action against VW.

Moreover, Plaintiffs have not explained why Riverside Metro is necessary for just adjudication of the warranty claims or why VW is necessary for the negligent repair claim, or made a showing that Riverside Metro is more than "tangentially related" to the suit against VW. This factor weighs against joinder.

**Statute of Limitations.** Plaintiffs do not argue that a new action against Riverside Metro would be time-barred. Therefore, this factor weighs against joinder. Forward-Rossi, 2016 WL 3396925 at *5 (finding that because a new action against the car dealer would not be time-barred, the factor weighed against joinder to action against manufacturer).

**Unexpected Delay.** "In determining whether there was unexplained delay, courts must consider whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Goines, 2017 WL 10676597 at *4 (quoting Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1284 (C.D. Cal. 2015)) (simplified). The repair alleged to be negligent was made on April 1, 2024. Repair Order at 1. However, Plaintiffs started visiting Riverside Metro in June, 2023, and could have included these visits in the original complaint filed on January 18, 2024. Larios Decl. ¶2. This factor weighs against joinder.

**Motive.** Next, the Court must evaluate "the motive of a plaintiff in joining a non-diverse party with particular care when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." Murphy, 74 F. Supp. 3d at 1285 (collecting cases) (simplified). "[C]ourts have considered whether the plaintiff was 'aware of the removal' at the time the plaintiff amended its complaint." San Jose Neurospine, 2016 WL 7242139, at *10 (citing Clinco v. Roberts, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). Here, the action was removed on March 25, 2024, and the complaint was amended on April 3, 2024.

"[C]ourts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint." San Jose Neurospine, 2016 WL 7242139, at *10 (quoting Forward-Rossi, 2016 WL 3396925, at *4). Here, Riverside Metro has been added as a party, new defects have been listed, and a new cause of action has been added for negligent repair.

6

"[C]ourts evaluating a plaintiff's motive for amendment have [also] considered whether a plaintiff has provided an explanation for why the plaintiff waited to assert claims against the non-diverse defendant." San Jose Neurospine, 2016 WL 7242139, at *11 (citing Chan, 2009 WL 1108744, at *5). Plaintiffs have not explained why they waited until after removal to seek a repair order from Riverside Metro and add them as a defendant, even though Plaintiffs had been visiting Riverside Metro since June 2023. The proximity in time between VW's removal and Plaintiffs' servicing of the vehicle, along with the conclusory allegations against Riverside Metro, raise concerns that Riverside Metro was added to defeat jurisdiction. Murphy, 74 F. Supp. 3d at 1286 (finding that conclusory statements in amended complaint suggested improper motive).

The Court finds that the circumstances of the amended complaint and motion for remand suggest an improper motive. This factor weighs against joinder.

**Facial Validity.** Under the fifth factor the court considers "whether a new claim sought to be added seems to have merit." Clinco, 41 F. Supp. 2d at 1083. VW argues that the claim against Riverside Metro is invalid because Riverside Metro has never been involved with the vehicle. Opp'n at 9. But Plaintiffs have produced evidence to the contrary. See Order Form.

Plaintiffs allege that they delivered the vehicle to Riverside Metro and "sustained damages due to Defendant Dealership (sic) failure to properly store, prepare, diagnose, and/or repair the Vehicle in accordance with industry standards." FAC ¶ 44-48. While vague and conclusory, courts within the district have found these allegations sufficient. See Viveros v. Ford Motor Co., No. 21-CV-527 TWR (BGS), 2021 WL 5989365, at *7 (S.D. Cal. July 28, 2021) (finding a valid claim when the plaintiff alleged he "sustained damages due to [defendant's] failure to properly store, prepare, diagnose, and/or repair the Vehicle in accordance with industry standards.") (collecting cases). This factor weighs in favor of joinder.

7

**Prejudice**. "A plaintiff will be prejudiced if the proposed defendant is 'crucial' to the case. A plaintiff will not be prejudiced if the court can accord complete relief without the proposed defendant." Eguilos v. Volkswagen Grp. of Am., Inc., No. 2:22-CV-00614-KJM-KJN, 2022 WL 2713273, at *5 (E.D. Cal. July 13, 2022) (citing Reyes v. FCA US LLC, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *10 (E.D. Cal. Dec. 8, 2020)). For the reasons stated in the Rule 19(a) analysis, a court can accord complete relief on either the claim against VW or the claim against Riverside Metro without the other.

**Balancing**. "A court need not consider all the [factors], as any factor can be decisive, and no one of them is a necessary condition for joinder." Leyba v. Walmart, Inc., No. 2:20-cv-07604-ODW (Ex), 2021 WL 8893640, at *2 (C.D. Cal. Feb. 2, 2021) (citing Negrete v. Meadowbrook Meat Co., No. ED CV 11-1861 DOC (DTBx), 2012 WL 254039 at *3 (C.D. Cal. Jan. 25, 2012) and Yang v. Swissport USA, Inc., No. C 09-03823 SI, 2010 WL 2680800 (N.D. Cal. July 6, 2010)). Of the factors, it is "most significant" if the claim is not facially valid and if the sole motive of joinder is to destroy federal jurisdiction. See Murphy, 74 F. Supp. 3d at 1286 (finding these two factors are the "most significant"). Here, the two most significant factors are split. However, because most of the factors weigh against joinder. The Court exercises its discretion to deny joinder.

**Amount in Controversy.** Plaintiffs argue that Defendants have failed to carry their burden to show that the amount in controversy exceeds $75,000. Mot. at 10. "[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019). "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Arias, 936 F.3d at 924–25 (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88 (2014)). "When a defendant's assertion of the amount in controversy is challenged both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been

satisfied." Arias, 936 F.3d at 925 (quoting Dart Cherokee, 574 U.S. at 89) (simplified).

"Actual damages under the Beverly-Song Act are 'equal to the actual price paid or payable by the buyer,' minus the reduction in value 'directly attributable to use by the buyer.'" Solis v. Nissan N. Am. Inc., No. CV 24-00728-MWF (Ex), 2024 WL 1311275, at *4 (C.D. Cal. Mar. 27, 2024) (quoting Cal. Civ. Code § 1793.2(d)(2)(B)–(C)).  The total sale price of the vehicle was $73,522.20.  Opp'n at 11; dkt. 13-2 (Ex. A). Additionally, VW argues that Plaintiffs "may recover a civil penalty of up to two times the amount of damages."  Cal. Civ. Code § 1794(e)(1). If there was no reduction in value, this would make the total amount in controversy $220,566.60, well in excess of the $75,000 jurisdictional threshold.  Neither party has submitted evidence from which the Court can quantify the reduction in value due to the buyer's use.  On reply, Plaintiffs do not address any of VW's arguments regarding the amount in controversy.  However, the Court finds that VW has shown by a preponderance of the evidence that the amount in controversy requirement has been met.

## IV. Conclusion

Plaintiffs' motion to remand is DENIED.  The diversity destroying claim against Riverside Metro is dismissed without prejudice.

IT IS SO ORDERED.

Date: June 20, 2024

Dale S. Fischer
United States District Judge

9